WHITNEY *versus* SOUTH PARIS MANUFACTURING COMPANY.

Of the powers of an agent of an incorporated company.

An agent lawfully authorized to raise money and create liability on the part of
an incorporated company, may also waive demand and notice on a note in-
dorsed by such company, and this too *after* the note has been negotiated.

Such agent may waive demand and notice to procure delay of payment of
the note and bind his principal, although in procuring delay he may *also* be
the agent of the maker.

Nor will the fact that he agreed to pay more than the legal rate of interest for
such delay, prevent a recovery against the company upon their indorsement
of the amount legally due.

ON REPORT from *Nisi Prius*, RICE, J., presiding.

ASSUMPSIT, against the indorsers of a promissory note.

After the testimony was introduced, it was agreed, that
the full Court should decide the cause upon the testimony
introduced without objection, and upon such as was admis-
sible, although objected to; to draw inferences as a jury
might, and enter a nonsuit or default.

The facts proved appear in the opinion of the Court,
which was drawn up by

SHEPLEY, C. J. — The plaintiff, as indorsee, has commenc-
ed this suit against the corporation as indorser of a pro-
missory note for $1000, bearing date on March 8, 1849,
made by Samuel T. Thomas, payable to the corporation or
order, in nine months from date with interest. It appears
to have been indorsed by William Deering, agent of South
Paris Manufacturing Co., "accountable without notice or de-
mand." The testimony proves, that the indorsement was
made by Deering. In a letter written by him to Thomas,
under date of Dec. 12, 1849, he says, "I arranged yester-

day with Esq. Whitney for an extension of the old note." It, however, appears from an entry made by him on a note book of the company, as well as from his testimony, that the waiver was in fact written on the back of the note, and an agreement made for an extension of the time for payment, on Dec. 10, 1849, being the day before the note became payable, with grace. There is no proof of any demand or notice. But the company will be liable by the waiver, if that was made by an agent having sufficient authority to make it. By the records of the corporation it appears, that Deering was chosen agent in May, 1848, and again in May, 1849. And he appears to have acted as such during those two years. On Nov. 7, 1836, the company voted, that an additional officer be chosen annually, to be styled Agent of the South Paris Manufacturing Co. The by-laws adopted on Feb. 26, 1836, were then amended so as to make it the duty of the agent "to purchase stock and make sales for the corporation, to hire and discharge help, and manage the concerns of the corporation, being subject at all times to the direction of the board of directors." Other powers were also conferred. The authority to manage the concerns of the corporation was sufficiently extensive to embrace all transactions necessary for the management of them in the usual manner. In his dealings with others, his powers would not be restricted by his being subjected to the direction of the board of directors, unless they interposed to limit them. There is no proof, that they did so. The usual course of transacting the financial affairs of the company appears to have been by the agent. He procuring loans of money from banks and individuals, on notes of the company made by him, on drafts drawn by him, and on notes and drafts payable to the company and indorsed by him. Notices on such paper, given to him, would bind the company, and he might waive the right to require notice and render the conditional liability absolute. This would come within the scope of his authority to create an absolute liability; it being but one of the forms of doing it. When notes be-

came payable and new loans or an extension of the time for paying those existing became necessary, he must have the power to meet the exigency or the credit of the company must be destroyed and his financial operations cease.

To procure delay of payment in case of necessity, of which he must be the judge, would seem to be clearly within the scope of this authority.

If this be so, it is still insisted, that he acted as the agent of the maker of the note and not of the company, when he made the agreement for an extension of time for payment, and when he made the waiver of demand and notice. He does appear to have acted as the agent of the maker at that time; but the maker could not, and he does not appear to have attempted to, confer upon him any authority to waive demand and notice. As early as the month of October preceding, the maker appears to have communicated his inability to make payment at the stipulated time. The agent therefore knew, that payment must be expected to be made by the company, or that he must assent to, or procure a delay for payment. If that could not be obtained without its becoming absolutely liable, it might be necessary to yield to it. In doing it, he would act as agent of the company, although he might at the same time be acting as the agent of the maker also to procure the delay. The company appears to have been under the necessity of conducting its business by means of loans of money, and its agent, according to the course of business, would be authorized to act for the company as well as for the maker, being authorized by him to procure the delay needful for both; and he appears to have so acted.

The fact, that he appears to have agreed to pay nine per cent. interest to obtain such delay, cannot absolve the company from the payment of what may be legally due, or prevent a recovery of that amount by the plaintiff.

The company by its agent being a party to the agreement for an extension of time, cannot thereby be discharged.

It is further insisted, that the plaintiff received this note

as collateral security for the payment of other notes, which have been paid by the company.

There is testimony from which such an inference might be drawn, while there is other testimony to prove, that an absolute title was conveyed by the indorsement. The burden of proof is upon the company to relieve itself by satisfactory proof from the obligation incurred by the indorsement, and this it has failed to do.  *Defendants defaulted.*

*May,* for defendants.

*Whitman,* with whom was *Clifford,* for plaintiff.